UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DEBORAH SMITH, )
)
Plaintiff, )
)
v. ) No. 4:18-cv-00149-TWP-DML
)
NEWMAN & MEEKS, )
)
Defendant. )

**Entry Denying Pending Motions and Directing Entry of Final Judgment**

This action is dismissed for lack of jurisdiction. The Entry of August 16, 2018, dismissed the operative complaint and gave the plaintiff a period of time in which to attempt to cure the deficiencies noted in that Entry. That deadline has passed and the plaintiff has filed two motions in response.

First, the plaintiff has moved to transfer the case to another state. This motion, dkt. [6], is **denied** because no other federal district court would have jurisdiction over her claim. Although the plaintiff asserts diversity jurisdiction, she alleges that both she and the defendant are citizens of Ohio. Such allegations defeat her assertion of diversity jurisdiction. Furthermore, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision).

Second, the plaintiff has moved to reopen a class action lawsuit from 2006. This motion, dkt. [5], is **denied** because it states no grounds which justify reopening the 2006 case. Rule 60(b) allows a court to relieve a party from a final judgment in certain circumstances. But Rule 60(c)

requires that motions for relief from a final judgment must be made within a reasonable time. It is not reasonable to wait twelve years to ask to reopen a case. Furthermore, "[r]elief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). The plaintiff's motion makes no argument as to why she is entitled to relief.

Finally, the plaintiff's complaint appears to be that the attorney who represented her in the 2006 class action defrauded the plaintiff of proceeds from the litigation. Such allegations do not require the reopening of the underlying case. Instead, if they state a viable claim, such a claim would be made in a new, independent action. But since the claim contains no basis for federal jurisdiction, it cannot be brought in federal court.

"When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, this action is properly **dismissed for lack of jurisdiction**. Judgment dismissing this action shall now issue.

**IT IS SO ORDERED.**

Date: 9/25/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH SMITH
647 Van Roberts Place
Cincinnati, OH 45215